IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Latasha Denise Johnson,<br><br>        Plaintiff,<br><br>v.<br><br>Recleim LLC,<br><br>        Defendant. | Civil Action No.: 1:17-cv-03317-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 21, 2018. (ECF No. 53.) Within her Report, the Magistrate Judge recommends that the court grant Defendant Recleim LLC's ("Defendant") Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings (ECF No. 38). (*Id.* at 4.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 53), incorporating it herein, and **GRANTS** Defendant's Motion to Dismiss (ECF No. 38) and **DISMISSES** the Complaint (ECF No. 1) without prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Latasha Denise Johnson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed her Complaint on December 8, 2017. (ECF No. 1.) Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (*Id.* at 3.) Specifically, Plaintiff submits that she was unlawfully terminated, harassed, and retaliated against because of her gender and/or sex. (*Id.* at 4–5.)

Regarding her administrative remedies and before filing the instant Complaint, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission

1

("EEOC") and the South Carolina Human Affairs Commission on May 21, 2017. (ECF No. 38-2 at 2.) Within her Charge, Plaintiff maintains that the earliest date of the alleged discrimination occurred on November 22, 2016, while the latest took place on December 14, 2016. (*Id.*) Plaintiff recollects that she received a right-to-sue letter from the EEOC on August 11, 2017. (*Id.* at 5.) However, Plaintiff's right-to-sue letter from the EEOC specifically indicates that it was mailed to her on August 31, 2017. (ECF No. 38-3 at 2.)

On June 7, 2018, Defendant filed its Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings. (ECF No. 38.) Within its Motion, Defendant submits that Plaintiff's Complaint was not filed within the ninety (90) day period for filing an employment discrimination action under 42 U.S.C. § 2000e-5(f)(1). (ECF No. 38-1 at 5.) Due to Plaintiff's untimeliness, Defendant argues that the Complaint "must be dismissed pursuant to Rule 12(b)(1), 12(b)(6), and/or 12(c)." (*Id.* at 6–7.) The Magistrate Judge issued two *Roseboro* orders to Plaintiff, respectively, on June 8, 2018, and July 12, 2018.[1] (ECF Nos. 39, 47.) Seeming to argue the merits of her case, Plaintiff responded to Defendant on August 10, 2018. (ECF No. 51.) Within her Response to the Motion to Dismiss, Plaintiff provided details of the alleged discrimination and asked the court to deny Defendant's Motion, but she did not substantively dispute Defendant's arguments concerning the untimeliness of her Complaint. (*See id.* at 1–2.)

The Magistrate Judge filed her Report on August 21, 2018. (ECF No. 53.) Within her Report, the Magistrate Judge reasoned that Plaintiff "filed her Complaint more than ninety days after the date she is presumed to have received her right-to-sue letter from the EEOC." (*Id.* at 3–4.) For that reason, the Magistrate Judge concluded that Plaintiff's Complaint was untimely. (*Id.*)

---

[1] A *Roseboro* order requires district courts to provide an explanation of summary judgment procedures and other dispositive motions to *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

2

Moreover, the Magistrate Judge determined that Plaintiff's Response to Defendant's Motion merely argued the merits of her case and did not address any aspects of the timeliness of her Complaint. (*Id.* at 4.) Also within her Report, the Magistrate Judge informed both parties of their rights to file specific, written objections to her Report. (*Id.* at 5.)

Plaintiff filed her Right to File Objections to the Report and Recommendation on September 4, 2018. (ECF No. 56.) Within her Objections, Plaintiff recounts the alleged acts of discrimination she endured while an employee of Defendant. (*Id.* at 1–2.) Plaintiff takes numerous issues with her termination, describing it as "unfair," because she had no "prior reprimands." (*Id.* at 2.) Noticeably, Plaintiff did not address any aspects of whether her Complaint was untimely or any of the Magistrate Judge's findings. (*See id.* at 1-2.) Defendant replied to Plaintiff on September 11, 2018, reiterating that Plaintiff failed to timely file her Complaint and notes that she fails to "address[] the timeliness of her claim or point to any error [of] the Magistrate Judge . . . ." (ECF No. 57.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a

3

district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

4

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))).

Upon review of Plaintiff's Right to File Objections to the Report and Recommendation, Plaintiff does not specifically address the Magistrate Judge's findings concerning the untimeliness of her Complaint. (*See* ECF No. 56 at 1–2.) Instead, Plaintiff argues the merits of her case by alleging that she was harassed by her supervisor and unlawfully terminated. (*See id.*) As such, Plaintiff has not presented the court with an objection for purposes of reviewing the Magistrate Judge's Report because she does not show any disagreement with the untimeliness of her Complaint. (*Compare* ECF No. 53 at 3–4, *with* ECF No. 56 at 1–2.) Additionally, Plaintiff presents the same factual allegations that were before the Magistrate Judge and rehashes them. (*Compare*

5

ECF No. 51 at 1–2, *with* ECF No. 56 at 1–2.) The court declines to hear Plaintiff's rehashed allegations. *See Orpiano*, 687 F.2d at 47. Therefore, Plaintiff's Right to File Objections to the Report and Recommendation is not a specific objection that allows the court to review the Report and find an issue needing resolution. *Midgette*, 478 F.3d at 621.

In the absence of *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. In the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff's Complaint was untimely. (ECF No. 53 at 3–4.) The Report thoroughly addresses the untimeliness of Plaintiff's Complaint. (*See id.*) Because specific objections were not filed by Plaintiff and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 53) and incorporates it herein. Therefore, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 38) and **DISMISSES** the Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 12, 2019
Columbia, South Carolina